## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| JILLIAN SIPES, Individually & On Behalf of JIMMY LEE SIPES & As Next Friend of J.S., § § § § Plaintiff, § § v. § § STATE FARM MUTUAL AUTOMOBILE § INS. CO. & STEPHANIE ANDERS, § § Defendants. § | CIVIL ACTION NO. 2:21-CV-236 |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, JILLIAN SIPES,** Individually & On Behalf of **JIMMY LEE SIPES** & As Next Friend of **J.S.**, and files this, her Original Complaint, and in support thereof would respectfully show unto the Court as follows:

## *I.*

## *PARTIES*

1. **JILLIAN SIPES** is an individual residing in the Eastern District of Texas.

2. **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** is a foreign mutual company duly conducting the business of insurance in this state from its principal place of business in Bloomington, Illinois. It may be served through its Attorney for Service, Corporation Service Company, at 211 East 7th Street, Austin, Texas 78701-3218.

3. **STEPHANIE ANDERS** is an individual residing at 76 WPA Road, Pleasant Hill, Louisiana 71065. She may be served at her home or wherever she may be found.

## II.

## *JURISDICTION & VENUE*

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (West 2021) in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas. Specifically, sale and the issuance of the insurance policy in question occurred in the Eastern District of Texas.

## III.

## *NATURE OF SUIT*

6. This is a suit for declaratory judgment, Texas Insurance Code violations and damages arising from a May 27, 2021 automobile crash. **SIPES** brings this action against **ANDERS** to recover wrongful death and survival damages for herself, her deceased husband and their minor son. As to **STATE FARM**, **SIPES** seeks a declaration of her coverage limits and to recover policy benefits to which she is entitled. She also seeks reasonable attorney's fees and all costs of court.

## *IV.*

## *LEGAL BACKGROUND*

7. Since August of 1977, the Texas Insurance Code (the "Code") has provided that no insurer shall deliver or issue for delivery an automobile liability insurance in this state "unless the insurer provides uninsured or underinsured motorist coverage in the policy or supplemental to the policy." TEX. INS. CODE § 1952.101(b) (West 2021).

8. The Code further requires that the limits of uninsured and underinsured motorist coverage for bodily injury, sickness, disease or death "must be offered to an insured in the amounts desired by the insured but not in amounts greater than the limits of liability specified in the bodily injury liability provisions of the insured's policy." *Id.* at § 1952.105(a).

9. In so providing, the Texas legislature declared that the public policy of this state requires uninsured and underinsured motorist coverage be made a part of every automobile liability insurance policy unless rejected in writing. *E.g. Howard v. INA County Mut. Ins. Co.*, 933 S.W.2d 212, 218 (Tex. App. — Dallas 1996, n.w.h.).

10. Absent a valid, written rejection, every automobile liability insurance policy delivered in this state includes uninsured and underinsured motorist coverage by operation of law. *Guarantee Ins. of Texas v. Boggs*, 527 S.W.2d 266, 269 (Tex. Civ. App. — Amarillo 1975, writ didm'd w.o.j.).

## V.

## *FACTUAL BACKGROUND*

11. On or about February 23, 2021, ***STATE FARM*** issued a policy of Texas automobile liability insurance to ***SIPES*** (the "Policy").

12. The Policy included bodily injury liability insurance coverage of $50,000.00 per person and $100,000.00 per occurrence.

13. ***SIPES*** desired and intended that the Policy include uninsured and underinsured motorist bodily injury coverage of $50,000,00 per person and $100,000.00 per occurrence.

14. Consistent with its obligations under the Code, ***STATE FARM*** offered ***SIPES*** uninsured and underinsured motorist bodily injury coverage of $50,000,00 per person and $100,000.00 per occurrence.

15. ***SIPES*** did not execute a written rejection of ***STATE FARM's*** offer of 50,000,00 per person and $100,000.00 per occurrence in uninsured and underinsured motorist coverage.

16. Nonetheless, ***STATE FARM*** purported to issue the Policy with uninsured and underinsured motorist coverage limits of only $30,000.00 per person and $60,000.00 per occurrence.

17. On May 27, 2021, ***SIPES's*** husband was killed in an automobile accident (the "Crash") with James Lawhorn.

18. At the time of the crash, Lawhorn was operating a 2007 GMC pickup entrusted to him by ***STEPHANIE ANDERS***.

19. Lawhorn and **ANDERS** are woefully underinsured for the damages inflicted on **SIPES** and her family.

20. The Policy was in full force and effect at the time of the Accident.

21. As a result, **SIPES** presented a claim under the Policy for underinsured motorist coverage benefits to **STATE FARM**.

22. Despite the absence of a written rejection of its statutorily-mandated offer, **STATE FARM** refused to recognize the Policy's *de jure* limit of 50,000.00 per person and $100,000.00 per occurrence in uninsured and underinsured motorist coverage.

23. To the contrary, **STATE FARM** expressly represented that the Policy includes uninsured and underinsured motorist coverage limits of only $30,000.00 per person and $60,000.00 per occurrence.

## VI.

## CAUSES OF ACTION

### A.

### NEGLIGENCE

24. **SIPES** would show the Court that **ANDERS** failed to use reasonable care in her decision to entrusting Lawhorn with the operation of her vehicle.

25. In particular, **SIPES** would show the Court that **ANDERS** knew — or in the exercise of ordinary care should have known — that Lawhorn was incapable of safely operating the vehicle and was likely to cause harm to others.

26. *ANDERS'* failure to use reasonable care proximately caused the Crash and the losses sustained by *SIPES* and her family.

## B.

## *TEXAS INSURANCE CODE VIOLATIONS*

27. Similarly, Plaintiff would show the Court that the conduct of *STATE FARM* described herein violates the Texas Insurance Code (the "Code"). More particularly, *STATE FARM* has violated the following provisions of the Code:

   (a) Making, issuing, circulating and causing to be made, issued and circulated illustrations, circulars and/or statements misrepresenting the terms of Texas automobile liability insurance policies;

   (b) Making, issuing, circulating and causing to be made, issued and circulated illustrations, circulars and/or statements misrepresenting the benefits and advantages promised by Texas automobile liability insurance policies;

   (c) Making untrue statements of material fact;

   (d) Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

   (e) Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact and

   (f) Making material misrepresentations of Texas law.

TEX. INS. CODE §§ 541.051(1)(A)-(B), 541.061(1)-(4) (West 2021).

## C.

## DECLARATORY JUDGMENT

28. **SIPES** would show the Court that she is a person interested under the terms of the insurance contract with **STATE FARM** and whose rights, status and legal relations are affected thereby such that it she entitled to a judicial determination of the parties' rights, status and obligations under the Policy. 28 U.S.C. § 2201 (West 2021); TEX. CIV. PRAC. & REM. CODE § 37.004 (West 2021).

29. As such, **SIPES** would show the Court that **STATE FARM** offered her uninsured and underinsured motorist coverage of $50,000.00 per person and $100,000.00 per occurrence.

30. **SIPES** did not reject this offer in writing.

31. As a result, **SIPES** would have the Court judicially determine and declare that the Policy includes uninsured and underinsured motorist coverage in the amount of $50,000.00 per person and $100,000.00 per occurrence as a matter of law.

## VII.

## DAMAGES

32. As to **ANDERS**, **SIPES** seeks to recover damages for for herself and her son arising from the wrongful death of Jimmy Sipes together with survival damages accruing to Jimmy Sipes under Texas law.

33. More particularly, **SIPES** seeks reasonable compensation for medical & funeral expenses, lost earning capacity, mental anguish and conscious pain & suffering sustained in the past.

34. In addition, **SIPES** seeks reasonable compensation for medical expenses, lost earning capacity, mental anguish and conscious pain & suffering to be sustained in the future.

35. As to **STATE FARM**, **SIPES** seeks recovery of the full $50,000.00 per person limit of underinsured motorist coverage provided by her Policy together with reasonable attorney's fees and all costs of this proceeding.

**WHEREFORE, PREMISES CONSIDERED**, **JILLIAN SIPES,** Individually & On Behalf of **JIMMY LEE SIPES** & As Next Friend of **J.S.**, respectfully prays that **STEPHANIE ANDERS & STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** be cited to appear and answer her allegations and that, upon final hearing, they be ordered to pay all damages to which she and her family are justly entitled, both at law an in equity including reasonable attorneys' fees, costs of court and all expenses of this proceeding.

Respectfully submitted,

By: /s/ *James Holmes*

    James A. Holmes (Attorney in Charge)
    State Bar No. 00784290

***THE LAW OFFICE OF JAMES HOLMES, P.C.***

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@jamesholmeslaw.com

***ATTORNEY FOR PLAINTIFF***

