IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JILLIAN SIPES, INDIVIDUALLY & ON BEHALF OF JIMMY LEE SIPES & AS NEXT FRIEND OF J.S. | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 2:21-CV-00236-RSP |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL., | § § § § | |
| *Defendants.* | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Transfer Venue filed by State Farm Mutual Automobile Insurance Co.[1] ("State Farm"). Dkt. No. 14. In its motion, State Farm seeks to transfer this case from the Marshall Division to the Beaumont Division of the Eastern District of Texas under 28 U.S.C. § 1404. Having considered the briefing, the Court **DENIES** the motion.

### I.   Background

On June 29, 2021, Sipes filed this lawsuit against State Farm and Anders. Dkt. No. 1. Later, Sipes filed an Amended Complaint that added a claim of negligence against J&J. Dkt. No. 22. The car accident at issue in this case occurred on May 27, 2021 when a vehicle driven by a Mr. Lawhorn[2] collided with another vehicle, which resulted in the death of Jimmy Sipes. Dkt. No. 14 at 2. This accident occurred in Dawson County, Texas, which is located in the Western District of Texas. As to J&J and Anders, Sipes alleges J&J and Anders were negligent in allowing Mr.

---

[1] The Court notes that State Farm is the only defendant that has moved to transfer venue. Both Defendants Stephanie Anders and J&J's Bargain Barn, LLC ("J&J") have not contested venue or moved to transfer.

[2] The Court will refer to the driver of the vehicle owned by J&J and rented by Anders as "Mr. Lawhorn" because the parties identify this individual by different first names with State Farm identifying him as Jonathan Lawhorn, Dkt. No. 14 at 2, and Sipes identifying him as James Lawhorn, Dkt. No. 22 at ¶ 19.

Lawhorn to operate a vehicle owned by J&J and rented to Anders. Dkt. No. 22 at ¶¶ 20-29. As to State Farm, Sipes alleges that State Farm violated provisions of the Texas Insurance Code. *Id.* at ¶¶ 30-33, 37-42.

## II.     Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). "The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

A motion to transfer venue pursuant to § 1404(a) should be granted if "the movant demonstrates that the transferee venue is clearly more convenient," based on: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the

avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). The plaintiff's choice of venue is entitled to some deference, however it is "not an independent factor." *Id.* at 314-15. Rather, the plaintiff's choice of venue contributes to the defendant's burden that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315.

### III.  Analysis

As a threshold matter, there is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas. The threshold requirement for transfer under § 1404(a) has been met.

Turning to the factors, because State Farm's motion went unopposed, the Court will treat State Farm's facts as true when weighing the public and private interest factors.[3] However, even taking State Farm's facts as true, the Court finds that the Beaumont Division is not clearly more convenient than the Marshall Division.

### a.  Public Factors

Beginning with the first factor, the Court focuses on "the relative ease of access to sources of proof." *Radmax*, 720 F.3d at 288. State Farm argues that "all relevant documents and the Insured Property are located in the Beaumont Division." Dkt. No. 14 at 9. This might be true as to State Farm, but J&J is located in Haughton, Louisiana, *id.* at 7, and because Haughton is much closer to the Marshall Division than the Beaumont Division, it is clear that the Beaumont Divisions does not present easier access to *all* sources of proof. Thus, the Court weighs this factor against transfer.

---

[3] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(d).

Next, a court considers whether compulsory process is available to both courts. *Radmax*, 720 F.3d at 288. If all of the likely witnesses are within the subpoena power of both courts, this factor is neutral. *Id.* Here, Mr. Lawhorn resides in Many, Louisiana, Dkt. No. 14 at 8, which is within 100 miles of the Marshall courthouse but not within 100 miles of the Beaumont courthouse. Therefore, the Marshall Division has the ability to exercise compulsory process over a third-party witness whereas the Beaumont Division does not. The Court weighs this factor against transfer.

Third, the convenience of the key witnesses may be the single most important factor for the Court to consider. *Durrett v. Walmart, Inc.*, No. 2:18-cv-00332-JRG, 2018 U.S. Dist. LEXIS 186618, *7 (E.D. Tex. Oct. 31, 2018); *see also Corbitt v. S. Refrigerated Transp., Inc.*, No. 2:06-cv-00330-LED, 2006 U.S. Dist. LEXIS 78761, *5, (E.D. Tex. Oct. 30, 2006) (internal quotation omitted) (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1401-02 (E.D. Tex. 1986)).

State Farm argues that the "convenience of witnesses factor weighs heavily in favor of the Beaumont Division." Dkt. No. 14 at 7. To show this factor weighs in favor of transfer, State Farm's argument relies on the location of Sipes, the State Farm Insurance Agent, Brent Meaux, who issued the State Farm insurance policy at issue, and Mr. Meaux's employees. *Id*. at 7.

However, J&J resides in Haughton and Anders resides in Pleasant Hill, Louisiana, which are both much closer to the Marshall Division than the Beaumont Division. Additionally, Mr. Lawhorn resides in Many, Louisiana, which is also closer to the Marshall Division than the Beaumont Division. Thus, given the greater convenience of the Marshall Division to two of the Defendants and a witness, the Court weighs this factor against transfer. Finally, State Farm does not identify any additional practicable problems that would weigh in favor of transfer.

4

### b. Private Factors

For the private factors, State Farm argues that "[t]here is no evidence that the Beaumont Division is subject to any administrative difficulties that would cause this case to languish." Dkt. No. 14 at 10. Additionally, State Farm argues that hearing this case in Marshall would force "citizens in a community with no connection to the litigation . . . to serve on the jury." *Id.*

As to the delay, the court takes account of any delay that may result of the transfer. *Radmax*, 720 F.3d at 289. Thus, if a transfer will result in delay for all parties, this factor weighs against transfer, especially if the transfer of a case would further extend already protracted litigation. *Id*. Here, State Farm does not identify any specific delay, so this factor is neutral.

As to localized interests, this factor weighs in favor of transfer if the suit has no relevant factual connection to the transferor forum. *Volkswagen II*, 545 F.3d at 317-18. Although the underlying accident and the issuance of the insurance policy did not occur in the Marshall Division, the underlying accident did not occur in the Beaumont Division either. Thus, this factor is neutral because the underlying accident has no factual connection to the Beaumont Division.

### IV. Conclusion

Overall, the Court finds that most of the private factors weigh against transfer and that the public factors are neutral. Thus, the Court finds that the Beaumont Division is not "clearly more convenient" than the Marshall Division and **DENIES** the motion.

**SIGNED this 10th day of June, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE